UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 16cr1995 JM |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| JORDAN ROSS BROWN (2), | |
| Defendant. | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant JORDAN ROSS BROWN (2) ("Defendant"), pursuant to 18 U.S.C. § 98l(a)(1)(C) and 28 U.S.C. § 246l(c), as properties traceable to proceeds of the offense of Title 18, United States Code, Section 1344(1) and (2), all in violation of Title 18, United States Code, Section 1349, as charged in the Information; and

WHEREAS, on or about April 19, 2018, Defendant pled guilty before Magistrate Judge Mitchell D. Dembin to the one-count Information, which plea included consents to the forfeiture allegations of the Information, including forfeiture of the following:

(1) 14K yellow gold diamond ring set with 310 diamonds (-12.0 dwt);

(2) l0K white gold diamond pendant (-31.6 dwt);

| | | |
|---|---|---|
| (3) | 14K yellow gold diamond pendant (-26.5 dwt); | |
| (4) | 14K yellow gold solid curb link necklace (-596.7 dwt); | |
| (5) | 14K yellow gold solid curb link chain bracelet (-257.2 dwt); | |
| (6) | Pair 14K yellow gold diamond earrings (-3.0 dwt); | |
| (7) | Steel and diamond "Audemars Piguet" watch; | |
| (8) | Hewlett Packard ("HP") red and black laptop computer (Serial #CND446G9DV); | |
| (9) | HP blue laptop (Serial #5CD6116LSP); | |
| (10) | T-Mobile Alcatel Onetouch black cell phone (ID #013778008629533); | |
| (11) | T-Mobile Alcatel Onetouch black cell phone (ID #013778006092932); | |
| (12) | Cricket Samsung Galaxy Grand Prime white cell phone (Serial #R28G8203EQE); and | |
| (13) | Sprint Apple iPhone white cell phone (IMEI #356958061982475); | |
| (14) | Anne Fontaine Purse; | |
| (15) | Christian Louboutin Alfie Flat Shoes; | |
| (16) | Fendi Reversible Belt; | |
| (17) | Fendi Wallet; | |
| (18) | Salvatore Ferragamo Belt; | |
| (19) | Giuseppe Zanotti Belt; | |
| (20) | Hermes Belt; and | |
| (21) | Louis Vuitton Backpack; and | |

WHEREAS, on May 7, 2018 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

1. WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 98l(a)(1)(C), 28 U.S.C. § 246l(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant JORDAN ROSS BROWN (2) in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(1) 14K yellow gold diamond ring set with 310 diamonds (-12.0 dwt);

(2) l0K white gold diamond pendant (-31.6 dwt);

(3) 14K yellow gold diamond pendant (-26.5 dwt);

(4) 14K yellow gold solid curb link necklace (-596.7 dwt);

(5) 14K yellow gold solid curb link chain bracelet (-257.2 dwt);

(6) Pair 14K yellow gold diamond earrings (-3.0 dwt);

(7) Steel and diamond "Audemars Piguet" watch;

(8) Hewlett Packard ("HP") red and black laptop computer (Serial #CND446G9DV);

(9) HP blue laptop (Serial #5CD6116LSP);

(10) T-Mobile Alcatel Onetouch black cell phone (ID #013778008629533);

//

(11) T-Mobile Alcatel Onetouch black cell phone (ID #013778006092932);

(12) Cricket Samsung Galaxy Grand Prime white cell phone (Serial #R28G8203EQE); and

(13) Sprint Apple iPhone white cell phone (IMEI #356958061982475);

(14) Anne Fontaine Purse;

(15) Christian Louboutin Alfie Flat Shoes;

(16) Fendi Reversible Belt;

17) Fendi Wallet;

(18) Salvatore Ferragamo Belt;

(19) Giuseppe Zanotti Belt;

(20) Hermes Belt; and

(21) Louis Vuitton Backpack.

2. The aforementioned forfeited assets are to be held by the United States Secret Service in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of

the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: May 15, 2018

Jeffrey T. Miller
United States District Judge